| | |
|---|---|
| **18th Judicial District Court**<br>**Douglas County, State of Colorado**<br><br>Court Address:    4000 Justice Way<br>                            Castle Rock, CO 80109 | DATE FILED: June 14, 2018 4:22 PM<br>FILING ID: B454D3A29B68E<br>CASE NUMBER: 2018CV30549 |
| **Plaintiffs:**   Robert Anderson and Doris Anderson<br><br>**v.**<br><br>**Defendant:**   Depositors Insurance Company | |
| | ▲    COURT USE ONLY    ▲ |
| **Attorneys for Plaintiffs:**<br>Attorney:    David M. Roth, #44800<br>                    Samuel F. Mitchell, #51253<br>Address:      Speights and Worrich, LLC<br>                    2149 South Holly Street, Suite 105<br>                    Denver, CO 80222<br>Phone Num.: (303) 662-8082<br>FAX Num.:    (303) 662-8083<br>E-Mail:          david@speightsfirm.com<br>                    sam@speightsfirm.com | Case Number:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** ||

COME NOW PLAINTIFFS, Robert Anderson and Dori Anderson, by and through their attorney, Speights and Worrich, LLC, and Complain against the above-named Defendant as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiffs, Robert Anderson and Dori Anderson (hereinafter "Plaintiffs") are residents of and domicile in Douglas County, Colorado.

2. Upon information and belief, Defendant, Depositors Insurance Company (hereinafter "Defendant"), is a foreign corporation organized under the laws of Iowa, authorized to do business in the State of Colorado, is in good standing, and is engaged in the business of insurance within the state.

3. This Court has jurisdiction over the subject matter of this action and the parties hereto.

4. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

## GENERAL ALLEGATIONS

5. Defendant issued Policy Number HOD 0019630153-9 (hereinafter "Policy") to Plaintiffs insuring their property located at 355 Peabody Street, Castle Rock, Colorado 80104 (hereinafter the "Property") during the period in which the subject loss occurred. The Policy was in force at all relevant times identified in this Complaint.

6. The insurance policy covers, *inter alia*, all risks of direct physical loss or damage to the home located at the Property, including property damaged by hail and wind.

7. On or about June 7, 2016, a hailstorm occurred, causing damage to Plaintiffs' Property.

8. Plaintiffs tendered to Defendant a claim for benefits arising out of the damage to the Property sustained from substantial wind and hail, and Defendant issued claim number 144374-GF related to this storm.

9. Defendant inspected the Property and produced an estimate of damages dated June 15, 2017, with a replacement cost value ("RCV") of $4,036.63 and an actual cash value ("ACV") of $3,985.33. Defendant's estimate identified hail damage to 8 roofing tiles.

10. On or about May 22, 2017, Plaintiffs' hired a public adjuster, Trevor Karas of Mountain Country Claims Solutions, who conducted an inspection and estimated damages with a RCV in the amount of $51,378.98, which included a full roof replacement.

11. On or about June 27, 2017, Jason M.H. Boehm of HAAG Engineering inspected the Property on behalf of Defendant. Based on his inspection, Mr. Boehm determined:

    1. *The residence had been struck by hail.*

    2. *No tiles were fractured by hail.*

    3. *Approximately 29 tiles had fractures across their bottom right corner. Fractures occurred where tiles abutted each other tightly and most likely were due to forces internal to the roof as opposed to hail. Some corner fractures could have been from foot traffic and handling.*

    4. *Five tiles had large fractures across their faxes or areas that were concealed from hail that were indicative of breakage from installation, handling, and/or foot traffic.*

    5. *Leaks were the result of water bypassing flashings at roof penetrations and were not the result of hail.*

    6. *Fins of AC unit were folded by hail. Dented fins could be left as they are or combed, if desired.*

12. Based on its engineer's opinion, Defendant issued a supplemental estimate dated August 8, 2017, with a RCV in the amount of $4,188.24. This estimate included damage to the soft metal vents on the roof, the air conditioner condenser unit, and window screens.

13. In a letter to Mr. Karas dated August 8, 2017, Defendant stated:

    *The damages caused to your property were limited to the soft metal vents on the roof, the air conditioner condenser unit, and window screens. These damages were verified by HAAG Engineering and included in our initial estimate. We have also issued an ACV payment…There were also items included in our original estimate that were identified by the engineer as not damaged due to hail. As we had already included those items in our original estimate we will not request a reimbursement for those items and will stand by our original estimate. Per the engineering report, there was no hail related damage to the roof tiles therefore there will be no payments made for your roof tiles.*

14. Defendant agreed that Plaintiffs' Property was struck by a hail storm on June 7, 2016. Its original estimate identified hail damage to the tile roof. After its engineer inspected the Property, Defendant denied any hail damage to the tile roof, but supplemented its estimate to include hail damage to the soft metals contained on the roof.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

15. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

16. The Policy creates a contact of insurance between the parties.

17. By its actions, as described above, Defendant breached the contact of insurance.

18. As a direct and proximate cause of said breach, Plaintiff is entitled to damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Bad Faith Breach of Insurance Contract)

19. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

20. Defendant owed duties to Plaintiffs under the Policy's implied covenant of good faith and fair dealing, wherein it covenanted that it would, in good faith, and in exercise of fair dealing, deal with Plaintiffs fairly and honestly, faithfully perform its duties of representation, and do nothing to impair, interfere with, hinder or potentially injure Plaintiffs' rights to receive the Policy's benefits.

21. Defendant acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

    a. Failing to properly investigate and evaluate Plaintiffs' claims for Policy benefits;
    b. Failing to pay Plaintiffs the full benefits owed under the Policy;
    c. Failing to pay amounts under the Policy in a timely manner;
    d. Failing to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims;
    e. Failure to give equal consideration to Plaintiffs' rights and interests as it has given its own interests;
    f. Depriving Plaintiffs of the benefits and protections of the contract of insurance;
    g. Compelling Plaintiffs to institute litigation in order to recover amounts due under the policy; and
    h. Other conduct to be revealed through discovery.

30. As a result of this willful, wanton and reckless conduct, Plaintiffs have directly and proximately suffered damages as set forth more fully in their prayer for relief below.

## THIRD CAUSE OF ACTION
### (Violation of C.R.S. §10-3-1115 and Relief Pursuant to §10-3-1116)

31. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

32. C.R.S. §10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

33. Plaintiffs are first-party claimants under C.R.S. §10-3-1115.

34. Defendant has improperly denied or delayed resolution of Plaintiffs' claim without reasonable basis within the meaning of C.R.S. §10-3-1115.

35. C.R.S. §10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action in Colorado district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

36. Due to Defendant's actions and conduct as set forth herein in violation of C.R.S. §10-3-1115, Plaintiffs bring this claim to recover their reasonable attorneys' fees, court costs and, two times the covered benefit, as allowable under C.R.S. §10-3-1116.

WHEREFORE, Plaintiffs Robert Anderson and Doris Anderson respectfully request that judgment be entered in their favor and against Defendant Depositors Insurance Company as follows:

   a) For compensatory damages, both economic and non-economic, in amounts to be proved at trial;

b) For double damages pursuant to statute;
c) For all prejudgment interest, statutory or moratory, and post-judgment interest allowed by law;
d) For reasonable attorneys' fees and costs of suit herein; and
e) For such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury.

Dated this 14th day of June, 2018.

Respectfully Submitted,

SPEIGHTS AND WORRICH, LLC

By: */s/ Samuel F. Mitchell*
David M. Roth, #44800
Samuel F. Mitchell, #51253

ATTORNEYS FOR PLAINTIFFS ROBERT AND DORIS ANDERSON

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*